### J. R. HOPPER v. THE STATE.

No. 9410.  Delivered November 25, 1925.

**1.—Refusing to Support Minor Children—Evidence—Impeaching Witness—Predicate Not Laid.**

Where on trial for refusing to support his minor children, appellant's wife was used as a witness by the State, he could not impeach her by proving her animus and purpose to harass him, by other witnesses, without first laying the predicate on her cross-examination for the admission of such impeaching testimony.

**2.—Same—Evidence—General Reputation Erroneously Excluded.**

Where on a trial for wilfully refusing to support his minor children, the defense being that appellant had not wilfully refused to support such children, but that it was on account of his financial condition, this defense being supported by testimony of other witnesses, it was error to refuse to permit witnesses in his behalf to testify that appellant's general reputation for being an honest and fair dealing man was good, and that his reputation was good for paying his financial obligations. Following Coffey v. State, 1 Tex. Crim. App. 548, and other cases, and authorities cited.

Appeal from the County Court at Law No. 1 of Harris County. Tried below before the Hon. Ben F. Wilson, Judge.

Appeal from a conviction for wilfully deserting and refusing to support his minor children, penalty a fine of $25.00.

The opinion states the case.

*B. L. Palmer,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the criminal district court of Harris County for the offense of wilfully deserting and refusing to support his minor children and his punishment assessed at a fine of $25.00.

By bills of exception 2, 3, 4 and 5, complaint is made to the action of the court in refusing to permit the appellant to show by witnesses that his divorced wife had stated to them in substance that it was her purpose to annoy, harass and humiliate the defendant in every possible manner, and to make it too hot for him to stay in town, and that she had gone to the lodge of the Knights of Pythias and stated that her husband deserted her and the children and left them without food, and asked the lodge for assistance. Said bills fail to show that there was any predicate laid for such testimony or that the witness Mrs. Hopper had been interrogated in any manner upon cross examination concerning any of said matters. The general rule is when it is sought to impeach the testimony of a witness, it is necessary to make inquiry of said witness concerning the matters inquired into, and we are of the opinion that this case is not an exception to the general rule, and that said testimony though admissible upon a proper predicate, that the court committed no error in refusing this testimony until the appellant had laid the proper predicate and interrogated his former wife concerning such matters. It is contended by the appellant that this testimony would have shown her animus in the matter and doubtless would, if true, but we are clearly of the opinion that she should have been given an opportunity to have explained if she could why or under what conditions she made such alleged statements, if any made by her, and it would have been a very easy matter to have laid such predicate for such testimony while she was upon the witness stand upon cross examination.

Appellant complains in his bill of exception No. 6 to the action of the trial court in refusing to permit him to prove by the witness Dally that he was acquainted with the general reputation of the appellant in the community in which he lives as an honest, fair dealing man in the business world and that his reputation was good towards paying his financial obligations. We are of the opinion under the peculiar facts of this case that said testimony was admissible. The charge made against him by the State was a wilful desertion and a failure to support his minor children who were in need of financial assistance from him, and the appellant's defense was that he had not wilfully refused to support said children, and that the reason that he had not done so, was on account of his financial condition, and offered testimony by other witnesses supporting that contention. This charge of the State put directly in issue the intent of the defendant, and though the court properly

charged on the wilfulness of the appellant, we think this character of testimony offered by him was admissible. Coffey v. State, 1 Tex. Crim. App. 548; Lockhart v. State, 3 Tex. Crim. App. 567; Jones v. State, 10 Tex. Crim. App. 552; Branch's P. C. Sec. 148, and authorities there collated. Underhill Criminal Evidence, 3rd edition, Secs. 135 and 136.

There are other matters complained of in the record which we deem unnecessary for a discussion at this time. For the errors above discussed, we are of the opinion that the judgment of the trial court should be reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.